Filed 8/17/15  Letizia v. Wentworth, Paoli & Purdy CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CLARICE J. LETIZIA, | |
| Cross-Complainant and Appellant, | G050132 |
| | (Super. Ct. No. 30-2012-00584165) |
| v. | O P I N I O N |
| WENTWORTH, PAOLI, & PURDY, LLP, | |
| Cross-Defendant, and Respondent. | |
| . | |

Appeal from a postjudgment order of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed.

Miller Johnson Law, Jon B. Miller, and Scott A. Johnson for Cross-complainant and Appellant.

Paoli & Purdy and William M. Delli Paoli for Cross-defendant and Respondent.

\*        \*        \*

Clarice J. Letizia appeals from the court's postjudgment order denying her motion to be reimbursed by Wentworth, Paoli, & Purdy, LLP (WPP) for attorney fees under Labor Code section 2802.[1]  Under section 2802, subdivision (a), an "employer" must indemnify an "employee for all necessary expenditures or losses incurred by the employee in . . . the discharge of [the employee's] duties, or of [the employee's] obedience to the directions of the employer."  Under section 2802, subdivision (c), the term "necessary expenditures or losses" includes "attorney's fees incurred by the employee enforcing the rights granted by this section."

Letizia contends the jury found she incurred "travel expenses while *employed* by" WPP, and therefore she is entitled to attorney fees under section 2802, subdivision (c).  We disagree and therefore affirm the court's order.

PROCEDURAL BACKGROUND

An appellant must include all "significant facts" in his or her brief, as opposed to only favorable evidence.  (Cal. Rules of Court, rule 8.204(a)(2)(C).)  Letizia's opening brief takes most of her recited "facts" from her own verified cross-complaint, and the few other facts she recites are equally favorable to her cause.  We recount the relevant procedural background based on the record before us.

---

[1] All statutory references are to the Labor Code unless otherwise stated.

2

On September 27, 2013, the court entered judgment on Letizia's cross-complaint in this case. The judgment incorporated the jury's special verdict, which contained three questions and corresponding answers pertinent to this appeal.[2] To the special verdict form's question No. 1, i.e., whether WPP terminated Letizia's employment effective October 12, 2011, the jury answered "Yes." To the special verdict form's question No. 2, i.e., whether Letizia and WPP entered into a contract on October 12, 2011, the jury answered "Yes." To the special verdict form's question No. 9, i.e., whether Letizia incurred travel expenses as a WPP employee or at the direction of WPP after October 12, 2011, the jury answered "Yes."

On October 29, 2013, Letizia moved for attorney fees. She argued the jury's verdict established that WPP violated section 2802, subdivision (a) by failing to indemnify her "for expenses incurred as a direct consequence of her employment, and/or pursuant to the direction of [WPP]," and that she was therefore entitled under section 2802, subdivision (c) to reimbursement of attorney fees incurred in enforcing her right to indemnification.

The court denied Letizia's motion for the following reasons: Section "2802 requires indemnification for expenses incurred by employees under the specified conditions. The Judgment in this case is that Letizia's employment was terminated on October 12, 2011. As a matter of law, she was no longer an employee as of that date. As such, she cannot recover attorney fees under section 2802." "[I]t is clear [from the judgment that] Letizia incurred expenses after she was terminated." "The verdict form

---

[2] The record does not include the September 27, 2013 judgment or the jury's August 12, 2013 special verdict. But Letizia's notice designating the record on appeal, requested inclusion in the clerk's transcript of the "Jury Verdict, signed by foreperson, dated August 12, 2013," filed on August 12, 2013. The clerk's transcript erroneously includes a different version of a blank special verdict form which was electronically received by the Superior Court on August 12, 2013. We therefore augment the record with the September 27, 2013 judgment incorporating the jury's August 12, 2013 special verdict. (Cal.Rules of Court, rule 8.155(a)(1)(A).)

3

shows Letizia's employment was terminated on 10-12-11. [Question 1] However, it also establishes she entered into a contract on 10-12-11. [Question 2]" "**Turning to Question 9: [¶] Did Letizia incur necessary expenses after October 12, 2011, related to traveling to Cleveland, Ohio, in the performance of her duties as an employee, or pursuant to the directions of Wentworth, Paoli & Purdy, LLP?" "The jury answered this question 'Yes'.**" "The employee has the burden to prove the conduct that was the basis for the suit arose in the course and scope of employment. [Citations.] Reading the Judgment as a whole, the only reasonable conclusion to be drawn is that Letizia did not meet her burden, and the 10-12-11 agreement was not an 'employment' contract. Whether it was an independent contractor contract or something else is not stated, but reading the judgment as a whole, it was not an 'employment' contract. That Letizia retained access to a computer and an office key (to assist her in the transfer of files to the firm) did not somehow transform her back into an employee after her express termination. So, as to Question 9, it does not support a finding of an employment relationship, but is instead consistent with the established termination of employment. This is not sufficient to support a claim under the Labor Code. Under the general principle that independent contractors are not employees, Labor Code section 2802 does not apply to Letizia."

DISCUSSION

Although Letizia devotes much of her opening brief to relitigating the factual issue of whether she was an employee of WPP after October 12, 2011 (outside the scope of this appeal), she clarifies in her reply brief that she only "seeks review of the trial court's interpretation of the jury's special verdict findings, including the jury's finding that LETIZIA was entitled to reimbursement of the travel expenses which she

4

incurred as an 'employee in the direct consequence of discharge of [her] duties, or of [her] obedience to the directions of the employer.'"

We determine de novo whether the court properly interpreted the jury's special verdict. "Where the trial judge does not interpret the verdict or interprets it erroneously, an appellate court will interpret the verdict if it is possible to give a correct interpretation." (*Woodcock v. Fontana Scaffolding & Equip. Co.* (1968) 69 Cal.2d 452, 457; *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 325 [special verdict form is analyzed de novo]; *City of San Diego v. D.R. Horton San Diego Holding Co. Inc*. (2005) 126 Cal.App.4th 668, 678 [reviewing court does not imply findings in a special verdict in favor of prevailing party].)

The court's interpretation of the jury's special verdict is correct. The jury expressly found that WPP terminated Letizia's employment effective October 12, 2011, and entered into a contract on that same date. The jury further found Letizia incurred travel expenses "as an employee, *or pursuant to the directions*" of WPP after October 12, 2011. (Italics added.) The only consistent interpretation of these special verdict answers is that the jury found Letizia was an independent contractor after October 12, 2011, and after that date traveled at WPP's direction but not as its employee. "'A verdict should be interpreted so as to uphold it and to give it the effect intended by the jury, as well as one consistent with the law and the evidence.'" (*All-West Design, Inc. v. Boozer* (1986) 183 Cal.App.3d 1212, 1223.) The court did not err by denying Letizia's motion for attorney fees.

DISPOSITION


The postjudgment order is affirmed.  WPP is entitled to its costs on appeal.



IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.